Filed 10/28/14  Ziyad v. Ziyad CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| GINA W. ZIYAD,<br><br>        Respondent,<br><br>v.<br><br>NIGEL A. ZIYAD,<br><br>        Appellant. | A141194<br><br>(Alameda County Super. Ct.<br> No. RF08404954) |

Following a contested hearing in April 2013, appellant Nigel A. Ziyad was ordered to pay his former spouse, respondent Gina W. Ziyad, monthly child support.[1] Unhappy with the order, Nigel has sought to have it modified on several occasions.  In this appeal, Nigel challenges the trial court's denial of such a request in January of this year.  We conclude that Nigel has failed to show that the trial court abused its discretion in denying the request, and we therefore affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Gina filed a petition for dissolution of marriage in August 2008, and the petition was granted, effective December 31, 2009.  According to the register of actions, the parties have continued to litigate various matters, including child custody, child-support payments, and visitation.

---

[1] For the sake of clarity, we refer to the parties by their first names since they share the same surname.  (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 550, fn. 2 (*Leonard*).)

1

Nigel and Gina have three children, two of whom (teenaged twins) are the subject of the order Nigel challenges. Following a hearing, the trial court ordered on April 24, 2013,[2] that Nigel pay $1,252 each month to support the twins (April 24 order). Attached to the court's order is a computer printout showing both parents' incomes and the percentage of time each parent spends with the children. But our record includes no transcript of the hearing. At oral argument in this court, Nigel discussed some of his income and expenses reflected in the clerk's transcript, but nothing in the record identifies what specific evidence was relied upon by the trial court in issuing the April 24 order.

Nigel apparently has tried a few times to have the April 24 order modified and also has sought changes to the parties' child-custody arrangement. The register of actions reveals that a court trial was held on October 2, though it is unclear what happened at the trial because the appellate record again includes no transcript of it or any resulting order.

In any event, we know that Nigel filed a request to modify the April 24 order the day after the October 2 trial.[3] In this request, he alleged that he had insufficient income to cover the support payments and was employed only part-time. He also alleged that the amount set by the court was "excessive, erroneous, and . . . would cause undue hardship." He asked for the amount of the payments to be "reduced to a rate that is fair and reasonable considering the circumstances of the parties and the best interest of the children. The calculation should also include other factors such as visitation costs." He further alleged that Gina "changed expenses to $1,468.00" in June 2013. Nigel filed a similar request on December 10, this time with additional allegations about the unfairness of the April 24 order.

---

[2] All further dates refer to the 2013 calendar year unless otherwise indicated.

[3] Although Nigel requested that his October 3 motion be included in the appellate record, it was not included in the clerk's transcript, perhaps because it was not described in detail in Nigel's designation notice. This court on its own motion ordered the record augmented to include the October 3 pleading. (Cal. Rules of Court, rule 8.155(a)(1).)

At a hearing on January 7, 2014, the trial court told Nigel that his request raised the same issues that had been raised previously. Nigel argued that "none of the laws were followed in the calculation of child support and the application of the evidence," and he explained that he was having trouble finding steady work. After mentioning that Nigel was "arguing the same points that were argued and determined at the previous hearing," the court denied the request, concluding that Nigel's motion had not stated a change in circumstances. Nigel timely appealed.[4] (Code Civ. Proc., § 904.1, subds. (a)(1), (10); Fam. Code, § 3554.[5])

## II.
### DISCUSSION

A. *The Applicable Law and the Standard of Review.*

"The duty of a parent to support the parent's child or children is a fundamental parental obligation." (*Moss v. Superior Court* (1998) 17 Cal.4th 396, 405.) It is the obligation of both parents to support their minor children "in the manner suitable to the child's circumstances." (§ 3900.) "Child support orders must ensure that children actually receive fair, timely, and sufficient support reflecting the state's high standard of living and high costs of raising children compared to other states." (§ 4053, subd. (*l*).)

A child-support order "may be modified or terminated at any time as the court determines to be necessary," subject to exceptions inapplicable here. (§ 3651, subd. (a).) The statutory procedures for modification of child support "require a party to introduce admissible evidence of changed circumstances as a necessary predicate for modification." (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 298.) Absent a change in circumstances, a modification motion would be "nothing more than an impermissible collateral attack on a prior final order." (*In re Marriage of Stanton* (2010) 190 Cal.App.4th 547, 554.) "The burden of proof to establish that changed

---

[4] Nigel also appealed an order entered after a February 20, 2014 hearing (A141656), but this court dismissed the appeal on June 13 because he failed to submit a written, appealable order with his civil case information statement. Nigel's appeal of a May 22, 2014 order remains pending (A142226).

[5] All statutory references are to the Family Code unless otherwise specified.

circumstances warrant a downward adjustment in child support rests with the supporting spouse." (*Leonard*, *supra*, 119 Cal.App.4th at p. 556.)

The appellate court reviews an order denying a motion for modification of child support for abuse of discretion and will reverse only if prejudicial error is found. (*Leonard*, *supra*, 119 Cal.App.4th at p. 555.) Although the trial court must follow the state's uniform child-support guidelines (§ 4050 et seq.), the final determination of whether the facts support a modification of support is within the trial court's discretion. (*Leonard*, at p. 555; *In re Marriage of Williams* (2007) 150 Cal. App.4th 1221, 1234.) Any conflicts in the evidence will be resolved by the reviewing court in favor of the trial court's determination. (*Williams*, at p. 1234.)

*B. Nigel Has Failed to Show that the Trial Court Abused Its Discretion.*

In his opening brief, Nigel repeats the arguments he made at the January 7, 2014 hearing: namely, that the trial court erred when it originally calculated support for purposes of the April 24 order and that he has tried, but failed, to secure stable work. He mentions in passing that the trial court failed to consider his change of circumstances, but he does not cite to the record or explain the applicable legal standards, let alone demonstrate an abuse of discretion on the part of the trial court. (Cf. Cal. Rules of Court, rule 8.204(a)(1)(C); *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [appellant has affirmative duty to show error].) In any event, we are unable to determine whether Nigel's request to modify the April 24 order alleged any true changes of circumstances because Nigel has failed to identify with specificity the evidence relied upon by the trial court in issuing the April 24 order or any changed circumstances justifying a modification of his child-support obligations. Accordingly, we cannot conclude that the trial court abused its discretion in denying his modification request in January of this year.

## III.
### DISPOSITION

The trial court's January 7, 2014 order is affirmed.

4

_____
Humes, P.J.

We concur:


_____
Margulies, J.


_____
Dondero, J.